PARISI v. GUARDIAN SAVINGS & LOAN CO.

(Supreme Court, Appellate Term. March 5, 1900.)

1. CONVERSION—DELAY IN PERFORMANCE OF CONTRACT.
    In an action for conversion, it appeared that plaintiff had agreed with the defendant loan company for a loan on consideration of monthly payments of $15.30. Payments were made amounting to $118.80, but there was no evidence that defendant had paid out any money for plaintiff, or taken any steps to carry out his agreement, but small sums, aggregating $75, had been repaid to plaintiff. *Held* not to authorize an action for conversion.
2. CONTRACT—RESCISSION.
    Defendant's unexplained and excessive delay justified the plaintiff in rescinding the contract, and recovering so much of the consideration as had not been paid to him.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Pasquale Parisi against the Guardian Savings & Loan Company for conversion. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Wm. Garret Romaine, for appellant.
William R. Keese, for respondent.

PER CURIAM. In the oral complaint this action was declared to be one for conversion, and repeatedly throughout the trial the plaintiff's counsel described the action as one for conversion. The facts are that the plaintiff, being the owner of a piece of real estate on which there was a mortgage, and also owing several hundred dollars of unsecured debts, made application to defendant for a loan on mortgage sufficient to pay off the existing mortgage and the unsecured debts. After an examination of the property, defendant promised to make the loan, if plaintiff would pay into the company

the sum of $15.30 per month. The plaintiff accepted these terms, and commencing with September, 1898, paid in certain sums monthly, until he had paid altogether $118.80. It does not appear that the defendant paid out any money for plaintiff, or took any steps to carry out its part of the agreement. It did present to plaintiff certain statements purporting to show large payments, to a certificate of the correctness of which plaintiff was induced to sign his name, but it is evident that he knew nothing about the statements, which are not self-explanatory, and as to the correctness of which no evidence was presented. The defendant did, however, from time to time, repay to plaintiff small sums, aggregating $75. He certainly waited a reasonable time for the defendant to carry out its agreement. The facts do not constitute a cause of action for conversion, and, if the objection had been seasonably taken, the justice would have been compelled to give judgment for the defendant. The objection was not taken below, however. The only question litigated on the trial was as to whether the defendant had received more money from plaintiff than it had repaid to him or on his account, and at the close of the trial the only grounds for dismissal presented by defendant's attorney were that it was not shown that there was anything due the plaintiff, and that, if anything was due, it would not be until January, 1900. On both of these points the justice found against the defendant, and the evidence is sufficient to sustain his finding. The defendant's unexplained and excessive delay in carrying out its agreement warranted the conclusion that it had no intention of ever doing so, and justified the plaintiff in electing to rescind the contract, and suing for the recovery of so much of the consideration as had not been repaid to him. Upon the whole, we are satisfied that substantial justice has been done, and the judgment should not be disturbed.

Judgment affirmed, with costs.